IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HEATHER LEACH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:23-cv-01426-OLG |
| | § | |
| H.E.B, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S ORIGINAL ANSWER

COMES NOW H.E.B., Defendant in the above styled and numbered cause of action, and files this is its original answer to Plaintiffs Original Petition and respectfully shows follows:

### I.
### AFFIRMATIVE DEFENSES

1.  This matter should be compelled to arbitration pursuant to the arbitration agreement between Plaintiff and Defendant.

2.  Plaintiff's claims fail to state a claim upon which relief can be granted.

3.  Damages available to Plaintiff are capped or limited pursuant to applicable law. *See* 42 U.S.C. § 1981a.

4.  To the extent Plaintiff is asserting any claim of discrimination not contained in a timely filed Charge of Discrimination, such claims are barred for failure to exhaust administrative remedies.

5.  To the extent Plaintiff is asserting any claims based upon events which occurred more than 300 days prior to filing of a Charge of Discrimination, such claims are barred by the applicable statute of limitations.

## II.
## ADMISSIONS AND DENIALS

6. In response to the allegations contained in the paragraph entitled "Discovery Control Plan Level" in Plaintiff's Original Petition, such allegations pertain to Texas state Court Procedural Rules and, as such, no response thereto is required.

7. In response to the allegations contained in the paragraph entitled "Party and Service" in Plaintiff's Original Petition, Defendant admits that it has been properly served in this lawsuit.

8. In response to the allegations contained in the paragraph entitled "Jurisdiction and Venue" in Plaintiff's Original Petition, Defendant admits that this Court has jurisdiction over this lawsuit as Plaintiff is bringing a claim under Federal Law.  Defendant admits that this is the appropriate venue for this lawsuit.

9. In response to the allegations contained in the paragraph entitled "Nature Of The Case" in Plaintiff's Original Petition, Defendant admits that in or around December 2021, Plaintiff did voice concern about one of her co-workers alleged discriminatory or harassing behavior. Defendant admits that Plaintiff was told that an investigation would be conducted. Defendant admits its policies prohibit workplace retaliation, discrimination and harassment and that they seek to be inclusive.  Defendant admits that plaintiff filed a Charge of Discrimination against it with the EEOC and later filed a second Charge of Discrimination with the EEOC. Defendant denies the remaining allegations contained in this paragraph.

10. In response to the allegations contained in the paragraph entitled "Specific Factual Allegations" in Plaintiff's Original Petition, Defendant admits that it reassigned Plaintiff to another store to remove her from an environment which she claimed was toxic. Defendant denies the remaining allegations contained in this portion of Plaintiff's Original Petition.

11. In response to the allegations contained in the paragraph entitled "Trial By Jury" in Plaintiff's Original Petition, the allegations contained therein are merely Plaintiff's request for a jury trial and, as such, no response thereto is necessary.

12. In response to the allegations contained in the paragraph entitled "Prayer" in Plaintiff's Original Petition, Defendant denies that Plaintiff is entitled to recover any damages whatsoever by way of this lawsuit.

13. In response to the allegations contained in paragraph 1 of the Complaint included in Plaintiff's Original Petition, Defendant admits that this Court has jurisdiction over Plaintiff's Tile VII claim.

14. In response to the allegations contained in paragraph 3a of the Complaint included in Plaintiff's Original Petition, Defendant admits that Plaintiff had worked at its 2929 Thousand Oaks store.

15. In response to the allegations contained in paragraph 3b of the Complaint included in Plaintiff's Original Petition, Defendant admits that it has more than the minimum number of employees required to be covered under Title VII.

16. In response to the allegations contained in paragraph 4 of the Complaint included in Plaintiff Original Petition, Defendant denies that it discriminated against Plaintiff in any manner.

17. In response to the allegations contained in paragraph 6b of the Complaint included in Plaintiff's Original Petition, Defendant admits that the EEOC issued a Determination and Notice of Rights Letter regarding this matter.

18. In response to the allegations contained in paragraph 7 of the Complaint included in Plaintiff's Original Petition, Defendant denies that it discriminated against or retaliated against the Plaintiff.

19. In response to the allegations contained in paragraph 8b the of the Complaint included in Plaintiff's Original Petition, Defendant is without sufficient information at this time to either admit or deny the allegations contained therein.

20. In response to the allegations contained in paragraph 9 of the Complaint included in Plaintiff's Original Petition, Defendant denies the allegations contained therein.

21. In response to the allegations contained in the Prayer For Relief in the Complaint included in Plaintiff's Original Petition, Defendant denies that Plaintiff is entitled to any relief whatsoever by way of this lawsuit.

22. In response to the allegations contained in the hand written attachment to the Complaint included in Plaintiff's Original Petition, Defendant denies the allegations contained therein.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this matter be compelled to arbitration. Additionally, Defendant prays that Plaintiff take nothing by way of this lawsuit and it be awarded its costs and such other and further relief, at law or in equity, to which it may be entitled.

Respectfully submitted,

/s/ *Lawrence D. Smith*
Lawrence D. Smith
State Bar No. 18638800
larry.smith@ogletree.com
Alex D. Good
State Bar No. 24092433
alex.good@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
2700 Weston Centre
112 East Pecan Street
San Antonio, TX 78205
210-354-1300; 210-277-2702 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of November, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and a true and correct copy was served via Regular First Class Mail and Certified Mail – Return Receipt Requested to the following:

**CM-RRR No. 9314 7699 0430 0114 4257 10**
Heather Leach
6700 North Vandiver Road, Apt. 1104
San Antonio, Texas 78209

/s/ *Lawrence D. Smith*
Lawrence D. Smith